## McLANE v. MILLER.

1. A defendant, by electing to *recoup* the damages, when sued for a breach of contract, thereby precludes himself from afterwards suing for damages, for the same injury, but may still maintain an action for a trespass, which could not have been *recouped* in the former action.

Error to the Circuit Court of Talladega.

TRESPASS *vi et armis*, by defendant in error, for seizing and carrying away three slaves.

The plaintiff proved the taking of the slaves from his possession, in August, 1842, by the defendant as coroner, and their value. That he was at the time a planter, had a large crop of cotton, and that these hands were engaged in picking it out, when the defendant took them, and it was some weeks before he could procure others in their place, in consequence of which a large quantity of his cotton, and corn, was not picked, or gathered.

The defendant offered evidence tending to prove, that plaintiff had hired the slaves from D. A. Griffin, administrator of J. C. Calhoun—that the plaintiff had executed his notes for the hire to Griffin, as administrator of one King, by mistake, (he being administrator of both estates,) and that the term for which plaintiff had hired them, had not expired by about four months, when the defendant levied on and sold them as coroner, as the property of King. That plaintiff was sued on the notes for the hire, and pleaded the taking of the negroes from his possession, in reduction of the price to be paid, and in fact obtained a reduction of about $30 on each of the notes. It was further proved, that the proof made by the plaintiff to obtain a reduction, when sued upon the notes, was the same as in this action.

The defendant asked the court to charge, that if the jury believed from the evidence, that the plaintiff in this action,

when sued upon the notes given for the hire, claimed an a-
batement on account of the seizure of the slaves, before this
suit was commenced, he could not recover.

This charge the court refused, and charged the jury, that
if the plaintiff had sustained damage in consequence of the
trespass complained of, he could recover, but could not re-
cover in this action, the amount allowed by the jury on the
notes as an abatement on account of hire. To the charge
given, and to the refusal to charge, the plaintiff excepts and
now assigns the same as error.

MORGAN, for plaintiff in error.

1. The coroner was justified in taking the negroes under
the circumstances, as the property of King, for the adminis-
trator of King had treated them as the property of King, and
it was the result of his act that damage resulted, and not of
the act of the coroner.

2. But the defendant in error elected to have his remedy
by way of *recouper* against the administrator of King, and
this was an extinquishment ol his claim for damages, as well
against Griffin as against the coroner. The *recoupment* in
the suit upon the notes was with respect to the same cause of
action now sought to be enforced against the coroner. [Brit-
ton v. Turner, 6 N. Hamp. 495 ; Batterman v. Pierce, 3 Hill,
175 ; Rice v. King, 7 Johns. 20 ; 10 Ala. Rep. 857 ; see also,
10 Johns, 383.]

3. A recovery in this suit is incompatible with the defend-
ant's right to *recoup* for the same damage in the suit upon
the notes for hire.

L. E. PARSONS, contra.

1. The charge given is in precise accordance with the law
of this case, as decided by this court when it was here be-
fore. [McLane v. Miller, 10 Ala. 856.]

2. The abatement obtained in the suit upon the notes
could only extend to the time ; and it is evident from the
amount allowed by the jury, that nothing more than dama-
ges for the trespass has been found in their verdict.

ORMOND, J.—It is very clear, we think, that when a de-

fendant sued for a breach of contract, elects to *recoup* the damages, he would be entitled to recover for the breach of the contract by the plaintiff, he thereby precludes himself from suing to recover damages for the same breach—but we do not understand that this is attempted to be done here. The plaintiff does not contend for the right to recover for the loss of the time of the slaves, in consequence of their having been seized and sold by the defendant as coroner, before the time for which he had hired them had expired. For that loss he has been compensated, by obtaining an abatement, or reduction, when sued upon the notes by the administrator of King. This action is brought to recover damages for injury caused by the trespass, having no connection whatever with the loss of the time of the slaves, for which he has not, and could not have been compensated by any reduction obtained from the administrator of King, upon the suit on the notes for the hire.

This was all that was decided when this case was here at a previous term. [McLane v. Miller, 10 Ala. 856.] That the plaintiff having in a former action, where he was defendant, insisted on a rebatement of the hire which he was to pay for the slaves, and having obtained it, for the reason that his possession was determined by the defendant's act, he is concluded, *so far as that extends,* from again obtaining satisfaction for the same injury. It will be seen by this extract, that the prohibition to recover, extends only to the rebatement of the hire of the slaves, which the plaintiff had *recouped* in the former action, and therefore was not permitted again to insist on. Such is the charge of the court here, by which the jury are confined to the injury resulting from the trespass, independent of, and in addition to the hire. Let the judgment be affirmed.