### CLARK v. SAMMONS & VAN PELT.

1. RES ADJUDICATA. In the purchase of certain property, the defendant executed two promissory notes. In an action on the one which first matured, he pleaded as a defense a breach of a covenant of warranty made by the plaintiff in the sale, and claimed damages therefor, also a failure of consideration, and on the trial recovered a judgment for damages and for costs. In an action on the second note, *Held,*

1. That the demand for damages for a breach of the covenant was adjudicated in the first action, and was not a defense to this.

2. That the plea of a failure of consideration in the first action, and the judgment thereon, did not preclude the same defense to the action on the second note.

*Appeal from Dubuque City Court.*

WEDNESDAY, DECEMBER 4.

*Bissell, Mills & Shiras* for the appellants, relied upon *Taylor* v. *W. & A. Chandler*, 1 Iowa 124.

Clark v. Sammons & Van Pelt.

*Samuels, Allison & Crane* for the appellee, cited 2 Pars. Cont. 235, note *n*; 4 Watts 183; *Harvey* v. *Richards*, 2 Gall. 216; *Gardner* v. *Buckley*, 3 Cow. 120; *Bonchaud* v. *Dias*, 3 Denio 228; *Grant* v. *Ramsey*, 7 Ohio S. R. 157.

BALDWIN, J.—It appears, from the pleadings, that the plaintiff sold to defendants 8000 apple-trees, for which he received one hundred and fifty dollars cash, and two notes executed by defendants, payable in one and two years; one for the sum of $350, the other for the sum of $400. The present suit is upon the $350 note.

The defendants, in their answer, claim that the trees sold to them were by plaintiff warranted good and sound, and true to name; that they all proved to be worthless, and that there was an entire failure of the consideration for which the note sued on was given. The defendants claim, by way of cross action, the one hundred and fifty dollars paid by them to plaintiff at the date of the purchase, and damages on account of the failure of the trees to live as were warranted. The plaintiffs reply and claim that the question of damages on the warranty of plaintiff, had been adjudicated in an action between the same parties, upon the $400 above referred to. The record of this adjudication is exhibited and made a part of the plaintiff's replication. From this it appears, that to the plaintiff's petition upon the $400 note, the defendants plead the same defense as to the present action, setting out the same warranty and the same breaches, and claiming like damages, and a failure of the consideration of the note sued on and also the $150, cash advanced. Upon the trial of the former cause, the defendant recovered a verdict and judgment in the sum of one dollar. To this replication defendants demurred, which was in part sustained. Judgment being rendered upon the demurrer, in favor of defendants, plaintiff appeals.

By sustaining the demurrer, the court held, if we properly understand the ruling, that the cross claim for damages,

on account of the failure of the trees to live and turn out as warranted, having been adjudicated in the former suit, that defendant could not in the present cause claim any damages therefor; but that defendant, notwithstanding the plea of failure of consideration in the former suit and the judgment thereon, had a right to plead a failure of consideration as to the note now sued, upon.

We are unable to discover any error in this ruling of the court. In order to support the plea of former adjudication, it must be made fully apparent that the same matter in issue has been passed upon. The question of damages must have been fully determined in the former action. If the failure of consideration alone had been determined, no specific sum could have been found due to the defendants. The verdict and judgment of $100, in favor of defendants, must have been upon the breach of warranty. Supposing, however, that the jury found that there was a failure of consideration in the first action, that finding could apply to the first note alone, as the second was not then in litigation, and not referred to in the pleadings, in other words, "not the same matter in issue." Granting, however, that there was a finding as to the whole consideration, this finding must have been for the defendants; if not, the plaintiff could not recover upon either note.

The court, however, held that the failure of consideration, as to the second note, was not passed upon in the former proceedings, and could be set up, also, as a defense in the present action. The plea of failure of consideration in the first suit applied solely to the matters then in issue, to the claim of plaintiff, as then pleaded. The case is unlike that of *Taylor* v. *W. & A. Chambers*, 1 Iowa 124, upon which plaintiff relies for a reversal.

Judgment affirmed.