Roberts and Others v. Robeson.

*J. H. Vawter, J. T. Dye* and *A. C. Harris,* for appellants.
*H. C. Newcomb* and *N. B. Taylor,* for appellees.

---

ROBERTS and Others *v.* ROBESON.

ESTOPPEL BY FORMER JUDGMENT.—In a suit involving the validity of an assignment for the benefit of creditors, which was alleged to be void for fraud, it was attempted to conclude the assignee by pleading the record of a suit brought by him against the sheriff to recover the possession of certain property which was included in the assignment, and which had been seized by the sheriff on an execution against the assignor. The record showed that judgment had been given against the assignee.

*Held,* that the record was only conclusive as to the particular property involved in that suit.

APPEAL from the *Franklin* Circuit Court.

RAY, J.—This case was heretofore considered by this court, upon demurrer to the complaint, (20 Ind. 155,) and the facts were fully stated in the opinion then pronounced, and for the purposes of this decision it is not necessary to repeat them. The complaint which was filed by the appellee presents the question whether or not an assignment for the benefit of creditors, executed by one *Shaffer* to the appellant and another, was fraudulent and void. The appellee,

after the case had been remanded to the Circuit Court, made an amendment to the complaint, alleging that since the filing of the same a judgment had been rendered in a suit to try the right to certain property claimed under the assignment by *Roberts*, and which property was held by the sheriff under a judgment obtained in favor of said appellee and against said *Shaffer*, the assignor, and that in said suit the question of the validity of said assignment was determined against the said *Roberts*, and the same was held void, as would appear by the transcript of the proceedings, made a part of said amendment. The appellant moved to strike out the amendment as irrelevant. This motion the court overruled. The record having been made a part of the complaint by the amendment, we must, from an inspection thereof, determine the question of its relevancy, under the motion to strike out.

In the present action, it is sought to have a judgment previously obtained by *Roberts*, in his own right, against *Shaffer & Robeson*, declared satisfied, on the ground that *Robeson* was merely a surety for *Shaffer* on the note upon which the judgment was obtained, and that *Roberts* and *Wynn* received, as assignees of *Shaffer*, under his deed of assignment for the benefit of his creditors, property which was applied as directed by the trust, but the trust being claimed to have been fraudulent, it is insisted that *Roberts* should have applied the property received under it to the discharge of his own judgment against *Shaffer*. To conclude *Roberts*, as to the question of the invalidity of the assignment, a transcript is now filed under a plea of former recovery, by which it appears, that in the Court of Common Pleas of *Fayette* county, *Roberts*, as assignee, his co-assignee *Wynn* having died, brought his action to recover certain personal property, which he claimed under the assignment, and which the sheriff had seized under an execution issued upon a judgment obtained by *Robeson* against *Shaffer*. The finding of the jury in that case was for the defendants, and that the property was liable to the execution in the hands

of the sheriff, and a judgment was rendered accordingly. That judgment was conclusive as to *Roberts* against any claim he could set up, by virtue of the assignment, to the property involved in that action. But, as to any other property covered by the assignment, the judgment could have no force. The question the jury passed upon was, simply, the title to the property involved in that suit, and although they may have treated the assignment as void, it could only be so established in that case as to the property involved. When, therefore, it was attempted, by the amendment in the case under consideration, to plead that finding and judgment as conclusively establishing the invalidity of the assignment as to all the property which came into the hands of the assignees, the court should have sustained the motion to reject the amendment containing the record. It was not proper evidence tending to establish that issue. Had the error of the court ended with the overruling of the motion to reject, we could not for that error reverse the judgment; but, on the trial, the record was admitted in evidence over the appellants objection. The court, as a question of fact, determining the conclusiveness of the judgment, submitted to the jury whether or not the issues in the case in the Common Pleas Court of *Fayette* county were the same as those then submitted for their consideration. This was an error which may have resulted in injury to the appellee.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

*G. Holland* and *C. C. Binkley* for appellants.

*J. M. Johnston* and *H. C. Hanna*, for appellee.