## CAMPBELL *v.* THE BOARD OF COMMISSIONERS OF MONROE COUNTY.

### No. 7856.

COUNTY SUPERINTENDENT.—*Claim.—Answer.—Settlement—Payment.—Demurrer*—An answer, in an action by a county superintendent for services as such officer, against the board of county commissioners, which alleged that such superintendent had at different times presented his claim for such services to such board, whereupon said board agreed to allow a certain sum in settlement therefor, which such superintendent agreed to accept as a full payment, and in pursuance thereof a warrant was drawn upon and paid by the county treasurer, is sufficient on demurrer.

SAME.—*Allowance.—Former Adjudication.—Mistake—Per Diem.*—A county superintendent, at different times during his terms of office, filed claims for services, before the proper board of county commissioners, at a certain sum *per diem*, and was allowed at such rate therefor, which was accepted by him under the mistaken impression that he was only entitled to such sum per day; afterwards, he filed a claim for services subsequently rendered at a greater sum *per diem*, and at the same time filed a claim for balance due on former services at such latter *per diem*, which was disallowed by such board. Suit to recover on such claims.

*Held*, that the first allowance was a former adjudication of the latter claim, and a bar to a recovery thereon.

FORMER RECOVERY.—*Recovery of Part of Whole Cause of Action Bars an Action for Balance.*—A recovery of a part of a cause of action which is divisible is not a bar to an action brought upon the other part; but a recovery of only a part of a whole cause of action is a bar to an action for the balance of the amount.

From the Monroe Circuit Court.

*W. C. L. Taylor* and *J. R. East*, for appellant.

*J. H. Louden* and *R. W. Miers*, for appellee.

BIDDLE, J.—The appellant sued the appellee. In his complaint he avers that he was county superintendent of the county of Monroe, from the 31st day of May, 1873, until the 9th day of June, 1877; that he performed one hundred and two days' work as such superintendent; that from the 2d day of June, 1877, to the 9th day of June, 1877, he performed seven other days' work as such superin-

tendent; that he was entitled to the sum of four dollars per day for his services as such superintendent; and that there remains due to him and unpaid the sum of seven hundred dollars, for which he prays judgment.

Answer:

1. A general denial:

2. Payment; and,

3. As follows: " That said plaintiff at different times presented his claims to said board of commissioners, for the services mentioned in his complaint, and, after an examination of said claims, the said board of commissioners agreed to allow said plaintiff the sum of four hundred dollars in settlement of said claims, and the said plaintiff agreed to accept said sum in full payment of said services; that thereupon the said board of commissioners passed an order, directing the auditor of said county to draw a warrant on the treasurer of said county for said sum, in favor of said plaintiff; that said warrant was drawn by said auditor, and by said plaintiff accepted in full payment of the claims by him presented to said board of commissioners; that the warrant so accepted by said plaintiff was by him presented to the treasurer of said county, and by said treasurer duly paid and taken up. Wherefore," etc.

A demurrer for the want of sufficient facts was overruled to the third paragraph of answer; a reply was filed to the second paragraph; and the case submitted to the court for trial, with a request for a special finding. The court found specially, as follows:

"1. The said plaintiff was superintendent of said county from the 2d day of June, 1873, to the 9th day of June, 1877.

"2. That, during his superintendency, he performed services as such superintendent for four hundred and eight days, and that he filed his claim for said services before

the board of commissioners aforesaid, from time to time during his said term of office, charging for said services the sum of three dollars per day therefor, and that he was allowed the sum of three dollars per day for said services, which he accepted and received under the mistaken impression that he was only entitled to said sum per day.

"3. That on the 1st day of June, 1877, he filed his last claim against said board, which was so allowed at the rate of three dollars per day as aforesaid.

"4. That on the — day of September, 1877, he presented his claim to said board for seven days' services rendered as aforesaid since the 1st day of June, 1877, and which had not theretofore been presented to said board, claiming therefor twenty-eight dollars; and also, at said time, presented the further claim to said board of a balance due him on said four hundred and eight days' services, for which theretofore he had been allowed but three dollars per day, as aforesaid, and claimed then in addition the sum of one dollar per day for each of said four hundred and eight days; that said account and claim were duly verified; and that said board refused to allow the same, and that thereupon the plaintiff brought this suit to recover the same.

"5. And now, as a conclusion of law from the foregoing finding of facts, the court finds for plaintiff the sum of twenty-eight dollars."

The plaintiff excepted to the conclusions of law by the court; and judgment was rendered, over the exceptions, upon the finding. Appeal.

By the assignments of error two questions are presented and discussed in this court:

1. That the court erred in overruling the demurrer to the third paragraph of answer; and,

2. That the court erred in the conclusion of law upon the special finding.

The appellant insists that the third paragraph of answer is bad, because the payment of a lesser sum for a greater sum claimed is not sufficient, and because the paragraph assumes to answer the whole complaint, when in fact it answers but a part.

We can not perceive that either of these objections appears on the face of the paragraph. It shows that there was no particular sum due to the plaintiff, but that the amount of four hundred dollars was arrived at by settlement, which amount the plaintiff accepted and which was paid in full. Its averments also cover the entire claim stated in the complaint.

Nor do we perceive any error in the conclusion of law upon the special finding. The appellant was allowed for all the services he had rendered, except those for which he had filed his claim before the board, and which had been adjudicated, and from which adjudication he had not appealed. The appellant could not file his cause of action, and claim for, or recover, only a part of the amount, and afterward sue and recover on the same cause of action the balance of the amount. There is a manifest difference between suing and recovering on a part of a cause of action which is divisible, and suing and recovering, on the whole cause of action, only a part of the amount. A recovery on a part of a cause of action which is divisible is not a bar to an action brought upon the other part; but a recovery on the whole cause of action, of only a part of the amount, is a bar to a suit brought on the same cause of action for the balance of the amount. In the former instance, there might be a question of costs between the parties, but the recovery would not be a bar to a second suit; because the causes of action would not be the same; while, in the latter instance, the causes of action

would be the same, and therefore the first suit would be a bar to the second.

The case of *The Board of Commissioners of Hancock County* v. *Binford*, 70 Ind. 208, is at one with this, and decides the question in favor of the appellee. See, also, the cases therein cited.

The judgment is affirmed, at the costs of the appellant. Petition for a rehearing overruled.