# Berringer *v.* Payne.

*Special Action on the Case, for False Representations by Purchaser.*

1.   *Splitting entire cause of action; conclusiveness of former judgment.* A misrepresentation by the purchaser of a horse, as to the balance due on a promissory note transferred by him to the seller in part payment of the price, is a single and entire cause of action; and the seller having brought suit against him, before a justice of the peace, on account of such misrepresentation, the judgment rendered by the justice, against the plaintiff, is a bar to a subsequent action on account of the misrepresentation, claiming that in fact nothing was due on the note when it was so assigned.

APPEAL from the City Court of Eufaula.

Tried before the Hon. ALPHEUS BAKER.

This action was bought by A. E. Payne, against M. M. Berringer, and was commenced on the 16th May, 1878.   The complaint was in case, claiming $200 as damages, on account of the defendant's alleged false representations as to the amount due on a promissory note, which he had transferred and assigned to the plaintiff in part payment for a horse. The agreed price of the horse was $185, of which $50 was paid in cash ; and for the balance, said defendant transferred and assigned to plaintiff, and he accepted, a promissory note for $529.30, executed by B. Searcy and J. R. Ard, payable to M. B. Locke, and by him transferred to the defendant. There were several credits indorsed on the note at the time it was transferred to the plaintiff in part payment for the horse, showing the balance due to be $135 ; and the complaint alleged that the defendant falsely represented that these credits showed all the partial payments which had been made on the note, when in fact the note had been fully paid, and the defendant knew that it had been fully paid ; and that the plaintiff accepted the note, in part payment for the horse, on the faith of these false representations.   The defendant pleaded not guilty, and a former adjudication, before a justice of the peace, of the matters in controversy ; and issue was joined on both of these pleas.   On the trial, as the bill of exceptions shows, the defendant offered in evidence the entries on the docket of the justice of the peace in the former cause, in which the cause of action was described as " assumpsit for $24," and judgment for costs was rendered in favor of

[Berringer v. Payne.]

the defendant by the justice, on the 6th March, 1876. Having proved the loss of the original papers in the justice's court, the defendant himself and his attorney both testified, that the action before the said justice was founded upon a claim by plaintiff that defendant, when he traded said note to plaintiff, represented to plaintiff that there was due on said note a certain amount ($135), when plaintiff had ascertained that there was in fact not so much due by $24 ; that said action was brought to recover said alleged deficit of $24, and that plaintiff failed in said action. The plaintiff also testified, in his own behalf, in reference ¦to the subject-matter of said suit, to the same effect. "On this evidence, the court charged the·jury, that if the action in the justice's court" was founded simply upon an alleged deficit of $24, or some other sum, in the balance due on said note, and not upon a claim· that the whole amount of said note was fully paid at the time it was so transferred by defendant to plaintiff, then the judgment rendered by said justice·did not bar plaintiff from prosecuting and maintaining this action." The defendant duly excepted to this charge, and he here assigns it as error.

Jno. M. McKleroy, for appellant, cited *Locke v. Miller* 3 Stew. & P. 13 ; *DeSylva v. Henry,* 3 Porter, 132 ; *Oliver v' Holt,* 11 Ala. 574 ; *O'Neal v. Brown,* 21 Ala. 482 ; *Insurance. Co. v. Cochran,* 27 Ala. 228 ; *Wittick v. Traun,* 27 Ala. 562 *Robbins v. Harrison,* 31 Ala. 160 ; *Railroad Co. v. Henlein & Barr,* 56 Ala. 368.

S. W. Goode, *contra,* cited 1 Greenl. Ev. § 522 ; and cases cited in 2 Brickell's Digest, 145, §§ 211–12.

STONE, J.—As we understand the evidence in this case, the same misrepresentation of the amount due on the note traded, was the foundation of the suit before the justice of the peace, and is the foundation of the present action. The judgment of the justice was rendered on a claim, of which he had jurisdiction. His judgment was acquiesced in. The present suit is apparently for the residue of the damages, not claimed in that suit. If these be the facts, the case falls directly within the influence of *S. & N. Ala. Railroad Co. v. Henlein & Barr,* 56 Ala. 368. Such claim for a single act or wrong cannot be split up, and made the foundation of two suits. The rulings of the City Court were not in harmony with these views.

Reversed and remanded.