Filed Nov. 28, 1893.

No. 16,355.

HOOVER *v.* KILANDER.

FORMER ADJUDICATION.—*Failure of Consideration Pleaded to Part of a Series of Notes.* — *Practice.*— *Cancellation of Instrument.*— Where a defendant has executed a series of notes with a mortgage, to secure the unpaid purchase price of land, and the payee of the notes bring suit upon the first two of the series, which have become due and are unpaid, and the defendant answered a failure of consideration as to the two ·notes, the defendant can not again, in an action on another of the series of notes, plead the facts which were pleaded to the first two notes, for the purpose of showing a failure of consideration of the note in suit, although the failure of consideration was to the full value of the unpaid purchase price; the fact of failure of consideration being *res adjudicata.*   Defendant's remedy was to seek the cancellation of the whole series of notes in the first suit.

From the Huntington Circuit Court.

*T. L. Lucas* and *B. M. Cobb,* for appellant.

*M. L. Spencer, W. A. Branyan, C. W. Watkins* and *J. C. Branyan,* for appellee.

HACKNEY, J.—The special finding of the lower court presents the only question for decision in this case. From the finding, it appears that the appellee purchased a tract of land from one Thomas L. Lucas and received a deed of general warranty therefor, the consideration

Hoover *v.* Kilander.

being one thousand dollars, and that he executed his three promissory notes, with a mortgage of said lands, to secure the unpaid purchase price. All of said notes and the mortgage were transferred to the appellant by said Lucas, who is insolvent. When the first two notes became due, the appellant instituted proceedings to foreclose said mortgage, and for a personal judgment against the appellee.

In that proceeding the appellee answered that the consideration for said two notes had failed, in that he had lost, and was evicted from, the west half of said tract by the sale thereof upon a valid lien existing prior to said conveyance to the appellee, and that upon the remaining tract he was required to and did pay, to discharge a prior vendor's lien, and, in taxes, $352.06, and that he paid, in cash, to the said Lucas, $20.00. Upon the issue tendered by said answer in that cause, the appellee succeeded, and the judgment in his behalf remains in full force.

Upon the maturity of the third of said notes, the appellant instituted the present suit for judgment and foreclosure, and, to the complaint, the appellee answered a failure of consideration in the same respects as formerly pleaded. This answer the court finds true, and further finds that the value of the thirty-six acres remaining to appellee at the time of his purchase was but $325, while the said west half, from which he was evicted, was, at the same time, worth but $640.

The only question raised by counsel is, that upon the appellant's reply of former adjudication and the findings of the court, it should have been held, as a conclusion of law, that the appellee was precluded by such former adjudication, and that he could not again plead the facts which defeated the first two notes for the purpose of showing the failure of the consideration of the note in suit, notwithstanding such failure of consideration was

to the extent of the full value of the land, and the full amount of the principal of the three notes. The briefs of counsel but suggest, on the one side, and deny on the other, the force of the proposition involved, and are destitute of citations supporting either view.

If the series of three notes had been so tainted with fraud or other vice that when established as to two of them it would have affected all of the series, the former adjudication would have been effective in appellee's behalf. But the notes were not attacked in the former proceeding for fraud, or other reason necessarily affecting all of the series. Under the plea of failure of consideration, a partial failure might have been sustained, so as to affect but one of them or two of them, and as not reaching the third. This is fully illustrated by the case of *Kilander* v. *Hoover*, 111 Ind. 10. In considering the effect of the former adjudication as exhausting the appellee's defense, so far as the particular elements of failure of consideration, pleaded in both cases, are concerned, it is not necessary that we should decide whether the appellee could have so divided the elements of failure of consideration as to have pleaded them in part to the two notes first sued upon, and withheld them in part for the remaining note. Neither is it essential to our conclusion that we should hold that, having pleaded his entire defense to the two notes, he should have reserved the excess of his defense by special verdict and judgment from which such excess could be pleaded to the third note. But it is very clear that he had a remedy by seeking the cancellation of the three notes in the first suit. Such is the effect of the holding in *Kilander* v. *Hoover*, *supra*.

In *Foster* v. *Konkright*, 70 Ind. 123, several notes were given for a threshing machine, with a warranty. In a suit on one of such notes the payor pleaded a breach of warranty, and succeeded. In a suit on another of said notes the same defense was interposed, to which the

former adjudication was replied, and the reply was held sufficient. This court there held that the breach could be asserted but once as a defense. We are unable to discover any difference in principle between that case and the present. It is true that in *Clark* v. *Sammons*, 12 Iowa, 370, a distinction was claimed, but was not satisfactorily stated, and where that case has been cited, notably in the Am. and Eng. Encyc. of Law, and in Wells on *Res Adjudicata*, it has been criticised for maintaining such a distinction.

In *French* v. *Howard*, 14 Ind. 455, the suit was upon the second of a series of notes for the purchase price of real estate, and it was answered that the consideration had failed. A reply that the same defense had been pleaded to the first note of the series, and that upon it the defendant had failed, was held sufficient.

It is true that the adjudication in the first suit in that case was different from the adjudication here, in that the defense failed in that and succeeded in this, but estoppels are reciprocal, and no one can take the benefit of an adjudication who had not been prejudiced by it if it had gone contrary. Herman on Estoppel, p. 37. If in the French case the answer had succeeded, it would have been no less an adjudication, binding alike upon both parties. So, in this case, if the answer when first pleaded had failed, it would have been no less an adjudication, affecting the parties mutually.

The first reason of the rule that one adjudication undisturbed shall be final, is that the welfare of society is disturbed by much litigation. It is said that the rule is "founded in wisdom and sanctified by age." If the adjudication in the suit upon the two notes did not put at rest the questions as to whether one-half the land had been lost by eviction, whether $50 had been paid in taxes, whether $240.15 had been paid to protect the title

against a vendor's lien, etc., then each item of the alleged failure of consideration would be the subject of retrial. The evidence would be heard as to each item, and the conflict would be as thick and as furious as before. If such course were permitted a second time, why not as many times as there might be notes in a series?

We do not believe the law subject to any such reproach.

The subject of litigation has been once adjudged and must not be again. The appellee, in whose favor that judgment was rendered, has not pleaded his judgment, and if he had it would be found insufficient for his defense, in that it does not reach the note in suit. That the judgment does not apply to the note in suit, and that its effect is wasted upon the two notes when it could have comprehended the three, is not from a defect in, or delay of, the law, but from the appellee's failure to avail himself of that remedy, which was open to him.

We have no information that upon the former trial the jury did not find that the failure of consideration proven was only sufficient to cover the two notes then in suit; that we have no such information is from the fault of the appellee and not the weakness of the law; that the jury may have so found is an illustration of the error of supposing that the same controversy may again be heard.

We regret the apparent hardship to the appellee from an enforcement of the rule, but it is our duty to enforce and not to violate, or to create special exceptions to, the well known rules of the law.

The judgment of the lower court is reversed, with instructions to restate its conclusions of law and render judgment for appellant for $703.99, from April 28th, 1891, with foreclosure of mortgage.

DAILEY, J., did not participate in this case.

Filed Sept. 23, 1893; petition for a rehearing overruled Dec. 16, 1893.