# Penny *v.* Corey.

## *Assumpsit.*

(Decided June 30, 1906.   41 So. Rep. 978.)

*Judgments; Res Adjudicata.*—Plaintiff, in a former action, sued defendant upon certain notes given for a stock of goods, and for the interest due on others given for the same purpose. The defendant pleaded failure of consideration. Plaintiff had judg-

ment for less than the amount of the notes sued on, and the interest on the other notes. Held, such judgment did not operate either as a bar to the plaintiff's right to sue on the other notes, or to the defendant's right to set up failure of consideration as to the other notes.

APPEAL from Morgan Circuit Court.

Heard before HON. JOHN C. EYSTER, Special Judge.

Action by Lorenzo Corey against James E. Penney. From a judgment for plaintiff, defendant appeals. In this action plaintiff sued defendant upon 36 prommissory notes each for $25, bearing interest from date, payable annually. He formerly had brought suit against Penney on 26 similar notes each for $25, and in separate counts suing for the annual interest due on the said 36 notes not sued on. In that former suit Penney pleaded that the notes sued on were given in consideration of the sale by Corey to Penney of a certain stock of goods or plumbing supplies, and that said stock of goods was worth greatly less than what he agreed to pay for it and was not in fact worth exceeding $500; that said sale was made and said notes executed upon the faith of certain false representations made by Corey to Penney, and these facts were pleaded in bar of the suit. Issue was joined on this plea and upon certain special replications thereto. The amount sued for in that suit, including the annual interest due on the 36 notes now in suit, was $1,022. The jury rendered a verdict in favor of plaintiff for $399, and judgment followed accordingly, which Penney paid. In this suit Penney by his third plea set up the alleged false representations in substantially the same plea as was filed in the fromer suit. Demurrers to this plea were overruled. Plaintiff replied, in substance, that Penney had pleaded this in the former suit, and that the plea or issue was decided against him by reason of the fact that the verdict and judgment were for plaintiff, although for greatly less than was sued for in that action; and that the defense was entire and indivisible, and that Penney by pleading it in that suit had exhausted his remedy and could not set up the same facts in bar of this suit upon other notes growing out of the same transaction, and upon notes

[Penny v. Corey.]

the interest upon which was sued for in that former action; and that the judgment upon this issue in the former suit cut off Penney from pleading said false representations in this case. Defendant's demurrers to this replication were overruled. Defendant Penney, by his fourth, fifth, sixth, and seventh pleas, himself set up the former action and the judgment therein, as res judicata of this action and as conclusive of the issue that the stock of goods was not worth what they were sold for, and that the notes were without consideration, and that Corey had fraudulently represented to Penney certain facts as to their value and as to certain offers which Corey claimed had been made to him for the stock of goods by other parties. To these pleas plaintiff's demurrers were sustained, and upon issue joined on the fourth replication to the third plea a judgment was rendered in favor of the plaintiff; the parties agreeing in open court that the complaint, the third plea, and the fourth replication thereto stated the facts truly. From this judgment defendant appeals, assigning as error the rulings upon the demurrers to the fourth, fifth, sixth, and seventh pleas and to the fourth replication to the third plea.

HUMES & SPEAKE and CALLAHAN & HARRIS, for appellant.—No brief came to the reporter.

E. W. GODBY, for appellee.—No brief came to the reporter.

ANDERSON, J.—By the pleading in the former case defendant sought a recoupment of damages for the breach of the contract of sale, and was awarded the difference between the amount claimed in the notes sued on in the first suit and the amount of the judgment recovered, which was $623, and which said sum is all that is available to the defendant for the breach of the contract of sale. And the defendant having exhausted his counterclaim growing out of said breach of sale, as represented by all of the notes, upon the suit for the collection of the matured series of notes, cannot now use the

same breach for the purpose of reducing the amount due on the second series of notes. While two separate suits were brought on the notes, they maturing at different times, they all evidenced and represented the consideration of but one contract of sale, and under the pleading and judgment in the former case the defendant got the benefit of all damage by way of recoupment, to which he was entitled, and which was conclusive. And as the damage then awarded was less than the amount claimed in the former suit, the defendant thereby became precluded from setting up the same breach as a defense to the other notes, which had in no way entered into the amount awarded the plaintiff on the first payment. This court in discussing the conclusiveness of a plea of recoupment, while admitting that this is an unsettled question by some authorities, has set the lead which we will follow, and we quote Judge Stone, in the case of *South & North Alabama R. R. Co. v. Henlein & Barr,* 56 Ala. 374: "Such plea is in its very nature defensive, and the party making it seeks only to cut out, or keep back, a part or the whole of a plaintiff's demand. Whether such defense is a waiver or abandonment of all claim by reason thereof, save that which abates or defeats plaintiff's recovery, is not fully settled. This court, in *McLane v. Miller,* 12 Ala. 643, asserted the affirmative of the proposition, and declared that no action will lie for the recovery of a balance of a claim, a part of which has been used as recoupment of damages in a former suit, *Britton v. Turner,* 6 N. H. 481, 26 Am. Dec. 713, decides the same thing. In Waterman on Set-Off, this question is treated as unsettled, referring to *Mandel v. Steel,* 8 Mees. & W. 858. See Waterman on Set-Off, § 531; *Mason v. Heyward,* 3 Minn. 182 (Gil. 116). We prefer to follow the lead of *McLane v. Miller,* supra, and hold that, in such case, no action can be brought for the residuum of a claim, a part of which has been utilized by way of recoupment in a former suit." In the case of *McLane v. Miller, supra,* it was said: "That the plaintiff having in a former action, where he was defendant, insisted on a rebatement of the hire which he was to pay for the slaves, and having ob-

[Penny v. Corey.]

tained it, for the reason that his possession was determined by the defendant's act, he is concluded, so far as that extends, from again obtaining satisfaction for the same injury. It will be seen by this extract that the prohibition to recover extends only to the rebatement of the hire of the slaves, which the plaintiff had recouped in the former action, and therefore was not permitted again to insist on." It will be seen, by an application of the foregoing authorities to the case at bar, that the plea of recoupment in the former suit having fixed the defendant's damage for the breach of the contract, he is concluded from again obtaining satisfaction for the same injury. In the case of *Taylor v. Chambers,* 1 Iowa, 124, notes for part of the purchase price of logs were resisted by the maker, because the logs were bought by him as good merchantile logs, whereas they were really "rotten and hollow," and damaged 20 per cent.; but it was shown that on one of the hundred dollar notes, a prior suit had been brought, and defended on the same ground, resulting in a judgment against the defendant, the maker, for $78. The court said: "The defendants set up and caused their demand for damages —their whole demand—to be adjudicated; and now to afterwards talk of their right to sever it is idle. When once adjudicated, and the amount deducted from the note in that suit, it no longer existed." See, also, *Gilmore v. Whiteman,* (Neb.) 70 N. W. 365; *Hoover v. Kilander,* (Ind. Sup.) 34 N. E. 697; *Clement v. Field,* 147 U. S. 467, 13 Sup. Ct. 358, 37 L. Ed. 244; *O'Conner v. Varney,* 10 Gray (Mass.) 231; *Britton v. Turner,* 26 Am. Dec. 713; Southeland on Damages, § 189. We consider the case of *Brown v. First National Bank,* 132 Fed. 450, 66 C. C. A. 293, relied upon by appellant, rather in favor of, instead of opposed to, the above doctrine.

The judgment of the circuit court is affirmed.

McClellan, C. J., and Tyson and Simpson, JJ., concur.

ANDERSON, J. (On rehearing.)—The foregoing opinion was adopted upon a misconception of the plea in-

terposed in the former suit, which we find upon reconsideration to be one of "failure of consideration" instead of recoupment. This question has been fully discussed in a learned opinion rendered by Elliott, J., of the supreme court of Indiana, in the case of *Felton v. Smith*, 88 Ind. 149, 45 Am. Rep. 454, and as it is so very applicable to the case at bar we quote approvingly therefrom:

"The four assignments were as many separate and distinct causes of action, upon each of which an action might be maintained. The cause of action sued on in this case was independent of the others, and the recovery of the appellant was on that one cause of action alone. The amount awarded him was not upon three contracts not sued on, and which constituted independent causes of action, but upon the one contract sued on. The verdict and judgment settled nothing more than the right of the appellant to recover on the cause of action stated in the complaint. In *Campbell v. Board, etc.*, 71 Ind. 185, it is said: "A recovery on a part of a cause of action which is divisible is not a bar to an action brought upon the other part; but a recovery on the whole cause of action, of only a part of the amount, is a bar to a suit brought on the same cause of action for the balance of the amount. Where a judgment settles the entire defense to a series of notes, although rendered upon one only of the series, it conclusively adjudicates the controversy as to all of the series. This is, however, only where the entire subject-matter of the defense is litigated in the one action, and is determined by the judgment. It is not so where the litigation is as to the one note declared on, and the judgment does not extend to the whole subject-matter of the entire series of notes.—*French v. Howard*, 14 Ind. 455; *Hereth v. Yandes*, 34 Ind. 102; *Turner v. Allen*, 66 Ind. 252; *Gardner v. Buckabee*, 3 Cow. (N. Y.) 120, 15 Am. Dec. 256; *Edgell v. Sigerson*, 26 Mo. 583; *Hazen v. Reed*, 30 Mich. 331. In this case it cannot be said that the judgment determined the entire controversy, for the appellee did not succeed upon the issues tendered by him; nor, on the other hand, did the appellant obtain judgment for

all he claimed. If the latter had recovered judgment for the full amount claimed, he could not successfully claim that it settled his right to recover on all the other notes. Nor can it be justly said in the case before us that the whole subject-matter of the controversy was litigated, for the defenses pleaded were different, and those professing to go to the entire subject-matter did not necessarily involve an investigation to an extent beyond what was necessary to ascertain the appellant's measure of damages. This we say for the reason that under a plea of want of consideration partial failure may be shown. If the verdict and judgment had sustained the plea of want of consideration, then it might, with some plausibility, have been maintained that the whole controversy was determined; but this they did not do, for they merely cut down the appellant's damages, and did not find that he had no cause of action. The appellant established his cause of action, but did not recover all the damages his prima facie case entitled him to, and his adversary did not succeed in establishing any defenses except such as went to the amount of recovery, and it cannot be said that this extended beyond the cause of action declared on. The issue decided was really as to the amount to be recovered on that single cause of action, and not as to the amount to be recovered upon some other cause of action. If the appellee had filed a counterclaim showing cause for the cancellation of the other notes, a different case would have been presented. But, whatever may be the rule in such a case, the judgment in the one at bar settles nothing more than the measure of recovery in the cause of action declared on. It does not conclude the appellant from maintaining an action on his other notes; nor, on the other hand, does it preclude the appellee from defending against them. The former cannot claim that, as he recovered $300 on the note sued on in the former action, he is, by force of the judgment, entitled to recover a like sum on each of the other notes; nor can the latter justly claim that, as he succeeded in cutting down the amount of the recovery, he is entitled to have the judgment regarded as conclusively settling the question

that the consideration for the indorsement of the four notes was no more than the sum recovered in that action. If the sum recovered in the former action was the entire consideration paid for the indorsement of the four notes, then there can be no recovery on the other three contracts of indorsement; but this is a defense altogether different from that of res adjudicata, as here relied on. It is a defense not to be made out by the mere production of the record of the former action, but to be made out by supplementing evidence of the former action and judgment with proof of the fact that all of the consideration was exhausted in the former recovery. The record of that recovery does not show that the sum allowed as damages exhausted the consideration for all the notes. Nothing more can be justly claimed for that record than that it shows that the defense prevailed to the extent of $250, and that, although the plaintiff established a cause of action, he showed himself entitled to only the amount of damages awarded by the jury. The fact that the appellant recovered less than the sum his prima facie case gave him the right to does not settle his right of recovery upon distinct and independent causes of action not sued on in the former action. The appellee cannot affirm that the mere fact that the recovery was cut down entitles him to a presumption that his defense failed. It may well be that the jury found less than the appellant was entitled to recover, but this would give the appellee no acuse of complaint, nor render the verdict ill, nor yet make it conclusive as to the other causes of action.—*Wolf v. Goodhue F. Ins. Co.*, 43 Barb. (N. Y.) 400, affirmed 41 N. Y. 620. In *Hargus v. Goodman*, 12 Ind. 629, it is shown that a judgment is not conclusive unless the point claimed to have been litigated was essential to the support of the judgment, and this principle must apply to a case like this, if to any, for the amount of recovery upon the note sued on might well be cut down without looking beyond to other and different notes. The case of *Clark v. Sammons*, 12 Iowa, 368, is in point, and illustrates the distinction we have endeavored to make between a total and a partial defense. In that case two notes were giv-

en for personal property. To the complaint on the first note the defendant pleaded a breach of warranty and a failure of consideration; and in the action upon the second note it was held that the defense of failure of consideration might be pleaded. The court there said: "The plea of failure of consideration in the first suit applied solely to the matters then in issue, to the claim of plaintiff, as then pleaded.' So it is here, for so far as concerned the amount of recovery the question in the former action was, how much is the appellant entitled to recover on the note in suit? All the jury determined was that he was entitled to recover the amount assessed in his favor. They did not and could not go outside of the issue to settle the amount of recovery on other independent causes of action.

"Suppose that the appellant has recovered the full amount claimed to be due on the note sued on, would the appellee have been precluded from pleading failure of consideration as to the notes not declared on in that action? Is it not perfectly plain that the judgment would have settled the measure of recovery as to that one note, and have left the question of the amount to be recovered upon the other notes to be disposed of in another action, or in other actions? If it be true that the judgment for the full amount would have settled the question only as to the one note, then it must also be true that the plaintiff might maintain an action on the other notes, and the defendant rightfully plead failure of consideration. If this be not correct, then the recovery by the plaintiff on one note must be held to conclusively settle his right to a recovery on all the other notes, and this conclusion is manifestly wrong for it might well be that the consideration recovered included the entire consideration for all of other notes. If it be granted that a recovery by the plaintiff settles not only the question as to the particular note, but also as to all the other notes, then the judgment in the former action, instead of barring the appellant, barred the appellee to the extent at least of the amount recovered, and this is, plainly enough, an erroneous conclusion. On the other

hand, if the consideration recovered on the first note was only the proportion which the amount of the note bore to the entire consideration, the appellant would be unjustly deprived of his right if the former recovery should be held a bar. The only solution of the difficulty is to hold that where the defense prevails so far as to cut down damages, and does not overthrow the cause of action, there is no adjudication of the entire recovery, and the judgment is to be confined to the cause of action declared on in the suit wherein the judgment was rendered. The judgement is, of course, evidence, and, if it be shown by other evidence that it took up the consideration of all the notes, then the defendant must prevail. It is apparent that the judgment in this case does not estop both parties, except as to the one note sued on in the former action. It is evident, as we have seen, that it cannot be an estoppel against the appellee except as to the one note sued on, for, if it is, then it binds him to pay upon all the other notes the sum recovered on the one in suit. It is, we repeat, a mutual estoppel only as to the one note, and when its mutuality ends so does its effect as an estoppel. The parties are bound so far as the first note is concerned, but they are not concluded as to the other notes. The authorities recognize a difference between the effect of a judgment when pleaded as a bar to an action upon the instrument sued on in the first action, and another of the same series and founded upon the same transaction. In *Davis v. Brown*, 94 U. S. 423, 24 L. Ed. 204, the court, in speaking of the position taken by counsel, said: "In taking this position, counsel have confounded the operation of a judgment upon the demand involved in the action, in which the judgment was rendered, with its operation as an estoppel in another action between the parties upon a different demand. So far as the demand involved in the action is concerned, the judgment has closed all controversy. Its validity is no longer open to contestation, whatever might have been said or proved at the trial for or against it. The judgment is not only conclusive as to what was actually determined respecting such demand, but as to every matter which might have been

brought forward and determined respecting it; and that
is all that the language means which is quoted by coun-
sel from opinions in adjudged cases, in seeming conso-
nance with his position.—*Cromwell v. County, etc.,* 94
U. S. 351, 24 L. Ed. 195; *Russell v. Place,* 94 U. S. 606,
24 L. Ed. 214. This doctrine is carried very far,, quite as
far, perhaps, as it is possible to do without encroaching
upon the settled principles, in *Roberts v. Robeson,* 27
Ind. 454, wherein it was held that a judgment declaring
an assignment void was only conclusive as to the par-
ticular property involved in that action. There is rea-
son for the general rule, and it ought surely to apply to
a case like this, where the only thing really settled in
the former action was the plaintiff's right to recover a
specified sum on the demand there sued on, and where,
except as to the mere question of amount, all issues were
decided in favor of the plaintiff. It is clear that in that
case there was only a partial recovery, and therefore
only a partial adjudication upon the entire transaction
out of which the demand arose, and it would be a viola-
tion of settled principles to stretch that judgment so as
to make it include claims not in litigation in that ac-
tion. Estoppels are not to be inferred, and we are not
at liberty to infer that the judgment in the former ac-
tion settled the controversy so as to include notes not
sued on. 'It is allowable,' says the supre court of Mas-
sachusetts, 'to reason back from a judgment to the basis
on which it stands, upon the obvious principle that,
where a conclusion is indisputable and could have been
drawn only from certain premises, the premises are
equally indisputable with the conclusion. But such an
inference must be inevitable, or it cannot be drawn.'—
*Burlen v. Shannon,* 99 Mass. 200, 96 Am. Dec. 733; *Lea
v. Lea,* 99 Mass. 493, 96 Am. Dec. 772. The conclusion
that the whole subject of consideration was settled in
the former action, so far from being an inevitable one
from the judgment, is in truth an improbable one. The
strong probability, if not the moral certainty, is that,
with the single cause of action before them, the jury
looked to nothing else, and the measure of damages
adopted by them was adopted with exclusive reference

to that one cause of action; in other words, that they regarded the proposition of the whole consideration due upon the note in suit to be the just measure of recovery on that one demand. In *Packet Company v. Sickles,* 5 Wall. (U. S.) 580, 18 L. Ed. 550, it was said, speaking of an estoppel by judgment, that it was conclusive if it appeared 'that the verdict could not have been rendered without deciding the particular matter.' In this case it is very plain that the damages awarded the appellant in the former action might have been awarded without deciding anything at all as to the other notes. We think a partial success upon a partial defense cannot be fairly regarded as making an estoppel as to demands not embraced in the action in which the judgment was rendered. The conclusion to which we are carried is that the judgment is conclusive as to the first note, but not as to the assignments not sued on in that action. It can no more be said that the judgment took up the whole consideration for the four contracts than that it applied the whole deduction on account of the failure of consideration to the one contract, leaving the consideration for the other three notes intact. It is impossible to say whether the whole consideration for the four assignments was included in the amount assessed by the jury in favor of the appellee, or whether the entire amount of the failure was deducted from the one sued on, thus leaving a full consideration for each of the other contracts. The only manner in which justice can be done these parties, and a safe precedent established, is to hold that the judgment settled the controversy upon the issue joined on the single cause of action declared on in the former action, and this is clearly the rule declared in the cases cited."

It would thus appear that the judgment in the former suit did not operate as a bar to the plaintiff's right to recover in the case at bar upon the last series of notes, and the demurrers to the special pleas were properly sustained. On the other hand, the judgment rendered in the former case for a portion of the consideration of the first series of notes did not estop the defendant from invoking the defense of "failure of consideration" as

against the second series of notes, and the trial court erred in not sustaining defendant's demurrer to plaintiff's replication proceeding upon such a theory.

The rehearing is granted, and the judgment of the circuit court is reversed and the cause remanded.

HARALSON, TYSON, DOWDELL, SIMPSON, and DENSON, JJ., concur.