## TAYLOR *v.* W. & A. CHAMBERS.

Where, in an action brought by the assignee upon a promissory note, without
words of negotiability, the defendant pleaded a failure of consideration, alleg-
ing how the failure occurred, to which the plaintiff replied, averring "that
the matters set forth by defendants as cause of failure of consideration of said
note, have been adjudicated by this court at the November term, A.D. 1852,
in a certain cause, wherein A. & B. (the payees of the note) were plaintiffs,
and the present defendants were defendants,"· which replication was denied
by the defendants, and sustained by the proof.

*Held,* that the adjudication set up in the replication, was a bar to the defence in
this suit.

*Appeal from the Muscatine District Court.*

THIS was an action brought by the plaintiff in the District
Court of Muscatine county, to recover the amount of a promis-
sory note, without words of negotiability, for $100.00, made
by defendants, payable to Maston & Parrish, dated July 21,
1851, and indorsed in blank to plaintiff.    The answer denies
indebtedness, and also avers, in substance, that the defend-
ants executed the note to Maston & Parrish, in part payment
for a raft of logs bought of them ; that the raft was bought
while in the Mississippi River, as good, merchantable logs, for
the sum of $1,571.45 ; that part of the purchase money was
paid down, and all the balance had been adjusted, except
this note ; that on taking the logs out of the river, they were
found to be rotten and hollow ; that taking the whole lot
together, they were damaged twenty per cent. ; and that on
account of the damaged state of the logs, the consideration of
the note had entirely failed.    To this answer, the plaintiff
replied, averring, among other things, that the matter set
forth by defendants as cause of failure of consideration of
said note, have been adjudicated by this court, at the Novem-
ber term, A. D. 1852, in a certain cause, wherein Maston &
Parrish were plaintiffs, and W. & A. Chambers were defend-
ants.    The defendants rejoined, denying the facts stated in
the replication.    On the trial before a jury, after the plain-

tiff had offered the note in evidence, the defendants proved that they had purchased of Maston & Parrish, a raft of logs, represented to be good, merchantable logs, amounting to $1,600.00; that part of the purchase money was paid down, and that in payment for the balance, eleven notes, of one hundred dollars each, were executed and delivered to Maston & Parrish; that after the logs were taken out of the river and examined, it was found they were not good, merchantable logs; that defendants had sustained damage to the amount of twenty-five per cent. on the whole purchase; and that the whole of the purchase money had been paid, except the note on which this suit is founded. This being all the evidence on the part of the defence, the plaintiff then introduced the records of the court, and showed that in a former suit brought by Maston & Parrish, against the defendants, on one of the notes given for the same raft, the same defence had been set up, and judgment rendered for the plaintiffs for the sum of $78.72. As appeared from the record, the answer of the defendants, in the case of Maston & Parrish against them, alleged that the note in that suit "was given for a raft of saw logs, numbering one thousand; and that plaintiffs warranted said logs to be good, merchantable logs. Defendants aver that said logs were unsound and unmerchantable; defendants claim a deduction of twenty per centum on the price of said logs, which price was on the whole raft about eleven hundred dollars." Upon this testimony, the plaintiff claimed, that the defendants were precluded from setting up the same defence to this action, which was overruled by the court, and the jury rendered a verdict for the defendants, upon which judgment was entered. The plaintiff appeals to this court, and here assigns for error, the ruling of the court above stated.

*J. Scott Richman*, for appellant, contended that the defendants having set up this defence in the action brought by Maston & Parrish, and having been allowed a deduction in that suit, cannot set up the same matters again between privies in law to the same transaction. This question will not

allow of argument. It matters not what, or whether any amount, was allowed on the claim of defendants, if it had been set up and adjudicated. There must be an end of litigation, and a party cannot divide his claim (and there is no pretence, except in the argument of counsel, that he ever did divide it), so as to have several suits, where one will suffice. This is the law upon general principles. 1 Greenl. Ev., § 523 *et seq.*; 4 Phill. on Ev. 16; *Sill* v. *Rood*, 15 Johns. 229; see Code, § 1740, authorizing set-off or cross claims, and section 1798, which says, that "when a set-off is proved, a balance shall be struck between it and the demand of the plaintiff, for which balance, judgment shall be rendered in favor of the party entitled thereto. See, also, sections 1801–3.

*Cloud & O'Connor*, for appellees: The principal point contended for by plaintiff, and upon which he seeks to have the judgment below reversed, is, the ruling claimed to have been made by the court, that the record in the case of *Maston & Parrish* against the defendants, because of want of privity, was not admissible. Now, the record shows no such ruling. All that was ruled, and all that was claimed by defendants, below, was, that this record, on the fact that defendants had made the same defence in the previous suit, and obtained a *pro rata* deduction, was not sufficient to bar them from insisting on the same defence in this action. The deduction of the $22 in the Maston & Parrish case, and the whole amount in this suit, do not together give them anything like what they proved, viz: twenty-five per cent. on the whole amount of the sale. Have we not proved our defence? We think we have proved it by our answer, which is under oath, and is not replied to, in accordance with the provisions of the Code, sections 1844–48. We have also proved the defence by one of the defendants, who was, as appears by the record, a competent witness; he proves twenty-five per cent. on the whole purchase. We do not deny that there was privity of interest and contract, but we insist that the privity, is an additional reason why

Taylor v. W. & A. Chambers.

the plaintiff should be in a position to reply to our answer. In that respect he stands in just the same position that Maston & Parrish would, were they plaintiffs. Code, § 951. As to consolidating, it was not in our power, we had to defend, and we could defend only what the plaintiffs brought us into court upon. We do not say that the defendants must have consolidated, but say that we could not. We refer to the same cases as the plaintiff, *Smith* v. *Jones*, 15 Johns. 228, and *Sill* v. *Rood*, 15 Ib. 230.

ISBELL, J.—A determination of what is meant by the language used in the answer in the case between Maston & Parrish and the defendants, we think must of itself be decisive of this case.

What claim did the defendants set up to be there adjudicated? Clearly they claimed, on account of the damaged state of the logs, "a deduction of twenty per centum on the price of said *logs*," and not on the amount of the note then sued upon. That suit was between the original parties to the note now sued upon. The defendants set up and caused their demand for damages—their whole demand—to be adjudicated; and now afterwards, to talk of their right to sever it, is idle. When once adjudicated, and the amount deducted from the note in that suit, it no longer existed. Much has been said about the privity of the parties in this and that suit. The statute creates the privity. It authorizes the setting up of defences had against the assignor, but not those that have ceased to exist.

Judgment reversed, and cause remanded.