## McDonald & Co. v. Gregory et al.

1. **Estoppel**: FORMER ADJUDICATION: PARTIES. A judgment operates as an estoppel only when the litigation in which it is pleaded is between the same parties or their privies.

2. ———: ———: MUTUALITY. The judgment must equally estop both parties, or it cannot be set up against either.

3. ———: ———: WARRANTY. In an action upon one of four promissory notes executed in payment for a threshing machine, it appeared that one of the notes had been transferred, and that the same defenses of breach of warranty and want of consideration as pleaded in the present action had therein been adjudged to be without merit: *Held*, that the former adjudication was not conclusive upon the parties to the case at bar and could not be pleaded therein.

4. ———: ———: ———. The case of *Taylor v. Chambers*, 1 Iowa, 124, distinguished and shown to be not inconsistent with the principle herein laid down.

### *Appeal from Tama District Court.*

#### TUESDAY, OCTOBER 26.

THE plaintiffs filed their petition claiming of appellants. and one Jeremiah Hankins the sum of $313.13, and the further sum of $60.00 attorneys' fees, as money due on four promissory notes executed by appellants and Hankins, payable to the order of plaintiffs.

The appellants and Hankins filed their answer admitting the execution of the notes, and alleging that they were given to plaintiffs in part consideration of a threshing machine sold by plaintiffs to defendant, Gregory, and one Geo. W. Snyder. That appellant Lowe and said Hankins signed the note only as security for Gregory.

That plaintiffs, at the time of sale, warranted the machine to Gregory and Snyder to be a good machine, sound, well and substantially made, and that it would do as good work as any other threshing machine. That the machine was not as warranted and did not do good work, and that, by reason of the breaches in the warranty, defendants have been damaged in the sum of four hundred dollars.

The plaintiffs replied, "admitting that the notes set out in the petition were given in part consideration of the threshing machine set out in said answer, and at the time of the execution of said notes, and as the balance of the consideration of said machine the appellants and said Hankins executed to appellees another promissory note payable to appellees; that appellees transferred said note by delivery only to Bracken, Goodell & Day, a co-partnership.  That said Bracken, Goodell & Day, June 4, 1873, commenced a suit upon said note before E. Harmon, a justice of the peace of said county, and at the trial of the cause before said justice, viz.: June 11, 1873, the said appellants appeared and pleaded the same matter and warrantees and breaches thereof as are set up in the answer of said appellants and Hankins in this suit.  That each and all of said issues in said suit before said justice were held and found to be untrue, and were determined in favor of said Bracken, Goodell & Day, and judgment rendered against said appellants accordingly.  That said judgment has in no wise been annulled or set aside, but remains in full force and virtue. By reason whereof appellants are estopped from again setting up and pleading said warrantees and breaches in this suit."

The defendants demurred to this reply upon the following grounds:

"1.  The said reply is insufficient as a plea of estoppel, because it affirmatively appears from said reply that this action is not between the same parties as the one pleaded in said reply of plaintiffs."

"2.  It further appears from said reply that plaintiffs in this cause had no interest whatever, either as parties or otherwise, in the cause of Bracken, Goodell & Day v. these defendants."

"3.  That it appears from said reply that the subject matter in issue in this cause and that of Bracken, Goodell & Day against these defendants, is entirely different and distinct, each suit being on different and distinct notes."

"4.  That the facts pleaded in said reply are insufficient as a plea of estoppel, for the further reason that the adjudication pleaded by plaintiffs would not equally estop both the plaintiffs and defendants in this suit."  The court overruled the

demurrer and rendered judgment for plaintiffs. The defendants appeal.

*Appelgate & Kinne*, for appellants.

A judgment to be pleaded in estoppel must be shown to be between the same parties or their privies, as the action at bar. (Freeman on Judgments, § § 162, 252; *Myers v. County of Johnson*, 14 Iowa, 48.) The cause of action and the contracts must be the same in both cases. (Bigelow on Estoppel, p. 8; *McIntosh v. Town*, 49 Barb., 550.) Where several notes are given in payment for property, and in an action upon one of them the defense of failure of consideration is made, the judgment in that case is no bar to an action upon the other notes. (Freeman on Judgments, § 256: *Clark v. Sammons*, 12 Iowa, 368.) To constitute an estoppel, the matter pleaded should equally estop both parties. (*Myers v. The County of Johnson, supra.*) A prior adjudication affects only rights in existence at the time. (*Heichen v. Hamilton*, 4 G. Greene, 317; *Dwyer v. Goran* 29 Iowa, 126.)

*Stivers & Safley*, with *Harmon, Mills & Guernsey*, for appellees.

The maker of a note payable to the order of the payee, transferred without indorsement, may interpose the same set-off and defenses against the transferree as the payee. (*Temple v. Hayes*, Morris, 9; *Younker v. Martin*, 18 Iowa, 146.) Where several notes were given for the purchase of property and in an action upon one judgment had been rendered against the claim of failure of consideration, it cannot be pleaded in an action on the others. (*Clark v. Sammons*, 12 Iowa, 368.) The law creates a privity between the parties in the two actions. (*Taylor v. Chambers*, 1 Iowa, 127.)

DAY, J.—The overruling of the demurrer was clearly error. A judgment of a court operates as an estoppel only when the subsequent litigation is between substantially the same parties or their privies. Upon any other principle a party would be bound by the results of a liti-

1. ESTOPPEL: former adjudication; parties.

McDonald & Co. v. Gregory.

gation to which he was not a party and in which he had no, interest, a doctrine which is repugnant to every established, principle of law and justice. The term privity means mutual or successive relationship to the same rights of property. The executor is in privity with the testator, the heir with the ancestor, the assignee with the assignor, the donee with the donor, and the lessee with the lessor. If the rights of two parties have been determined respecting a particular subject, and the subject matter of the suit is afterward assigned, the assignee takes it affected by the prior adjudication, and may avail himself of its advantages and is subject to its burdens.

But in this case the plaintiffs are not in privity with their, 2. ——:——: assignees, Bracken, Goodell & Day. Upon them mutuality. plaintiffs conferred rights of property; they did not succeed to rights of property from them. That a judgment may be pleaded as a bar it must equally estop both parties. Both litigants must be concluded, or the judgment cannot be set up against either. 1 Greenleaf on Evidence, § 524; *Myers v. The County of Johnson,* 14 Iowa, 47. Now suppose that in the suit of Bracken, Goodell & Day, it had been determined that there was a breach of warranty, and that the machine was worthless, would that adjudication be binding upon plaintiffs? Would they not say we cannot be bound by a judgment in a suit between our assignee and the defendants? We were not a party to that suit. We did not know it was pending. We can prove that there was no warranty, and that the machine was sound and perfect in all its parts and did good work. Are we now to be concluded simply because Bracken, Goodell & Day, in a suit to which we were strangers, through inattention or ignorance, or accident, failed to produce such proof? It is manifest that the judgment, if in favor of defendants, could not have been pleaded as an estoppel against plaintiffs, and, for that reason, being against the defendants, it cannot be pleaded as an estoppel in favor of plaintiffs.

The case of *Taylor v. Chambers,* 1 Iowa, 124, relied on by appellee, and which appellant seems willing to concede to be against the position for which he contends, and in conflict with the authorities upon which he relies, but which he claims,

is virtually overruled by subsequent decisions, when properly understood is fully in harmony with them, and does not support the position of appellee.

The following is the syllabus of that case, and fairly presents the point decided:

"In an action by an assignee 'upon a non-negotiable note given for a raft of logs, the makers pleaded that the logs were represented as good merchantable logs, but on taking them from the river, they were found rotten and damaged twenty per cent.; reply of former adjudication, and on the trial it was shown that in a previous action by the payee on another note, also given in part for the same logs, the defendants had set up the same fact, and a warranty of the quality of the logs, and claimed 'a deduction of twenty per cent. on the price of said logs;' and that in the trial of said first action these defendants obtained an allowance by reason of said unsoundness of the logs;' *Held*, that the defendant's whole demand was adjudicated in the former action, that this plaintiff is by statute in privity with his assignors, and could rely upon the former adjudication." See 1 Iowa, Cole's edition, 123.

This decision is manifestly right. The defendant having in an action between himself and the vendor of the logs claimed the damages to which he deemed himself entitled, on account of the unsoundness of the logs, and recovered the damages which the jury found he had sustained, of course he could not recover the same damages of another party. But that case is very different from the present. The judgment is

REVERSED.