BANK OF NEW LONDON, Respondent, vs. KETCHUM and others, Appellants.

*August 31 — September 21, 1886.*

*Promissory notes: Principal and surety: Counterclaim: Res adjudicata.*

[1. Whether in an action against the maker and indorsers of a promissory note, the maker being the principal debtor, a counterclaim in favor of such maker may be pleaded in behalf of all the defendants, not determined.]

2. In an action against the maker and indorsers of a note, a counterclaim in favor of the maker was pleaded and was determined

against the defendants. In another action by the same plaintiff upon another note against the same maker and different indorsers, *held*, that the invalidity of such counterclaim was *res adjudicata* as to all of the defendants, although the indorsers were not parties to the former action.

APPEAL from the Circuit Court for *Outagamie* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

Two actions were commenced by the respondent in the circuit court, on the same day, upon two promissory notes. One note was executed by the said *Ketchum* as maker, and was indorsed by John Hoxie, and *Ketchum* and Hoxie were made defendants in the action upon that note. The other was executed by *Ketchum* as maker, and indorsed by *Thomas Logan* and *G. W. Spaulding*, and they were made defendants in the action upon that note, which is the action in which the appeal in this case is taken.

In the action of the respondent against *Ketchum* and Hoxie, the defendants, in their answer, among other things, set up a counterclaim in the following language: "These defendants, for a further answer and by way of counterclaim, allege that the said defendant *Henry Ketchum* is the principal debtor for the amount specified in the said note mentioned in the complaint herein as principal, together with the interest thereon from the date thereof, and that the said defendant John C. Hoxie was and is merely the surety or guarantor for the payment of the said note; that at the time the said note became due and payable the said plaintiff was and now is indebted to the defendant *Henry Ketchum* in a sum exceeding eighteen hundred dollars, principal and interest, for money before that time paid by the said *Ketchum*, at the special instance and request of the said plaintiff, to and for the use of the said plaintiff, to one C. P. Skinner; that the said defendant *Ketchum*, after the said note became due and payable, and before the com-

mencement of this action, demanded of the said plaintiff the application of a sufficient amount of its indebtedness to pay and satisfy the said note, and that the said note be delivered up to him. Wherefore these defendants ask the judgment of this court that a sufficient amount of the aforesaid indebtedness of the said plaintiff to the said defendant *Henry Ketchum* to pay and extinguish the claim of the plaintiff herein be set off against the said claim, and that the said note may be ordered delivered up and canceled, or that these defendants may have such other or further judgment, order, or relief in the premises as may be just and equitable." And in the action against the defendants in the case at bar the defendants set up, as a counterclaim, the same facts alleged in the counterclaim in the action against *Ketchum* and Hoxie, and in the same language.

To these counterclaims the plaintiff made the same reply in each action, admitting that the defendant *Ketchum* was the principal debtor upon the note set out in each of said actions, and that the other defendants are only sureties or indorsers thereof; and also admitting that after said notes became due and payable, and before the commencement of the action, the defendant *Ketchum* demanded of the plaintiff the application of a sufficient amount of a claimed and pretended indebtedness of the plaintiff to said defendant *Ketchum* to pay and extinguish said note, and that said note be delivered to the defendant *Ketchum*. And in each of said replies it is then alleged that no such indebtedness from the plaintiff to said *Ketchum* existed when such demand was made, or at any time since, or at the commencement of the action, or that there now is any such pretended indebtedness of the plaintiff to the said defendant *Ketchum*, or any indebtedness whatever, or that the plaintiff was or is indebted to the defendant *Ketchum* in any sum whatever.

The two cases being at issue upon these pleadings, the action against *Ketchum* and Hoxie was first tried, and a

verdict and judgment rendered in favor of the plaintiff for the full amount of the note set out in its complaint, and the defendants recovered nothing against said plaintiff upon the counterclaim set up in their answer. From the judgment rendered in that action the defendants appealed to this court, and upon such appeal the judgment in that action was in all things affirmed by this court. 64 Wis. 7. After the entry of judgment in said action, and after the affirmance of said judgment in this court, the action in the case at bar being still at issue and undetermined, the plaintiff made and served a supplemental reply to the said counterclaim of the said defendants therein. This supplemental reply set out the pleadings in the action of the respondent against *Ketchum* and Hoxie — complaint, answer, counterclaim, and reply. It then alleges the trial of said action upon the issue made by the pleadings before the court and a jury; that a verdict thereon upon the merits was duly rendered therein, by which verdict the jury found for the plaintiff and assessed its damages at $912.89; and that judgment was entered upon such verdict in favor of the plaintiff for said sum of $912.89 damages, and costs, $63, and that said judgment is in full force and effect, etc. The said supplemental reply then further alleges that in said action, so determined and adjudicated, the defendant *Ketchum* was the principal debtor for the whole amount due on the note set out in the complaint in said action, and that the said Hoxie was and is merely an indorser of said note; and then further alleges:

"That the *Henry Ketchum* who is one of the defendants in this action is the identical *Henry Ketchum* who is one of the defendants in the aforesaid action, which has been so tried, determined, and adjudicated, and that the counterclaim contained in the answer of defendant *Henry Ketchum* and said John C. Hoxie, in said action of the plaintiff against them, and which has been so tried, determined, and

adjudicated as aforesaid, sets up the same identical counter-claim, cause of action, claimed indebtedness, claim, and demand as is set up and contained in the counterclaim in the defendants' answer in this action, and nothing more and no other counterclaim, cause of action, indebtedness, claim, or demand whatever, in whole or in part.

"That the counterclaim contained in the answer of the defendants in this action sets up and contains no other counterclaim, claim or cause of action, indebtedness, claim, or demand whatever, in whole or in part, than is set up and contained in the counterclaim set up in the answer of the defendants *Henry Ketchum* and John C. Hoxie, in said action of the plaintiff against them, as aforesaid, which has been tried, determined, and adjudicated as aforesaid.

"And that the whole and only counterclaim set up and contained in the defendants' answer in this action, and in the said answer of the said *Ketchum* and Hoxie in said action which has been so tried, determined, and adjudicated as aforesaid, is a claimed indebtedness of said defendant *Henry Ketchum* against the plaintiff in a sum exceeding eighteen hundred dollars, for money by said *Ketchum* claimed to have been paid for the plaintiff, at his request and for his use. (For a more particular statement thereof, see said exhibits A and D aforesaid, made a part of this reply.)

"And the plaintiff alleges that the whole counterclaim contained in the defendants' answer in this action, and each and every matter and thing therein contained, has been, upon the merits, fully litigated, tried, determined, and adjudicated in the plaintiff's aforesaid action against the defendant *Henry Ketchum* and the said John C. Hoxie, in the circuit court of Outagamie county, Wisconsin, and in which final judgment has been entered upon the merits, as heretofore more particularly stated and set forth, and has been adjudicated in favor of this plaintiff, and against the said

Bank of New London vs. Ketchum and others.

defendant *Henry Ketchum*, and also likewise against his codefendant, John C. Hoxie, in said action.

"Wherefore the plaintiff alleges that the said defendant *Ketchum*, as well as the other defendants in this action, are estopped and barred from making further claims or demand upon or under the counterclaim set up and contained in their answer, or upon the matters and things therein contained, and from having the same further litigated or again adjudicated; and that this action, and the matters and things therein contained, have been fully and finally determined and adjudicated upon the merits, and that the said defendants ought not further to have or maintain against the plaintiff said counterclaim, or any part thereof."

To this supplemental reply the defendants in this action demurred on the ground that it does not state facts sufficient to constitute a defense to said counterclaim. Such demurrer was overruled by the circuit court, and from the order overruling such demurrer the defendants appeal to this court.

For the appellants there were briefs by *M. B. Patchen* and *E. P. Smith*, and oral argument by *Mr. Smith*. They contended, *inter alia:* 1. In the original action the surety had the right to avail himself, *with the consent of his principal*, of the equitable setoff or counterclaim of the latter to the extent of his own protection. Brandt on Suretyship, sec. 203; *Bourne v. Benett*, 4 Bing. 423; 15 Eng. C. L. 27; *Ex parte Hanson*, 12 Ves. Jr. 349; *Woods v. Carlisle*, 6 N. H. 28; *Mahurin v. Pearson*, 8 id. 541; *Concord v. Pillsbury*, 33 id. 310; *Boardman v. Cushing*, 12 id. 119; *Andrews v. Varrell*, 46 id. 17; *Downer v. Dana*, 17 Vt. 518; *Cole v. Justice*, 8 Ala. 793; *Bronaugh v. Neal*, 1 Rob. (La.) 23; *Home S. B. & L. Ass'n v. George*, 57 Cal. 363; *Springer v. Dwyer*, 50 N. Y. 19; *Brundridge v. Whitcomb*, 1 Chipman (Vt.), 180; *Crist v. Brindle*, 2 Rawle, 120; *Myers v. State ex rel. Appleton*, 45 Ind. 160; *Newell v. Salmons*, 22 Barb.

647; *Gregory v. Gregory*, 89 Ind. 345; *Hayes v. Cooper*, 14 Ill. App. 490; *Guggenheim v. Rosenfeld*, 9 Baxt. 533; *Wagner v. Stocking*, 22 Ohio St. 297; *Beard v. Union & Am. Pub. Co.* 71 Ala. 60; 2 Parsons on Bills and Notes, 608, note *j;* 2 Story's Eq. Jur. sec. 1437; *Brewer v. Norcross*, 17 N. J. Eq. 219; *Donner v. Dana*, 17 Vt. 518; *Bechervaise v. Lewis*, L. R. 7 C. P. Cas. 377. The cases of *Dart v. Sherwood*, 7 Wis. 523, and *Dolph v. Rice*, 21 id. 590, are not repugnant to this doctrine, for the question was not raised, and the defendants were sued as joint debtors. Here the indorser is a *several* debtor, and only joined in the action by force of the statute (sec. 2609, R. S.), and is entitled to any equitable or legal defense. R. S. sec. 2883; *Briggs v. Briggs*, 20 Barb. 477; *People v. White*, 24 Wend. 520; *Boyd v. Beaudin*, 54 Wis. 193. See, also, *Hiner v. Newton*, 30 Wis. 640; *Winston v. Metcalf*, 7 Ala. 841; *Lynch v. Bragg*, 13 id. 773; 2 Smith's L. C. (5th Am. ed.), 688. No objection having been taken on the trial of the original action to the counterclaim so pleaded, the plaintiff should be deemed to have waived any objection founded on the entirety of the claim, and to have consented to this equitable severance of the defendant's cause of action, if his claim was indeed an entire one. *Acer v. Hotchkiss*, 97 N. Y. 410; *Van Brunt v. Dey*, 81 id. 254. The principle is the same as in those cases where the defendant, neglecting to demur to the legal capacity of the plaintiff to sue, is deemed to have waived the objection. R. S. sec. 2654; *Wood v. U. G. C. B. Ass'n*, 63 Wis. 14; *McLimans v. Lancaster*, id. 600; *McHardy v. Wadsworth*, 8 Mich. 353. 2. There is nothing to show that the claim of *Ketchum* against the bank was entire and indivisible. In the original action the plaintiff's claim was $800 and interest, and the precise issue upon the counterclaim was an indebtedness of that amount from the plaintiff to *Ketchum.* Beyond that, the amount of such indebtedness was immaterial and not a necessary·

issue; and it is only so far as material to the issue therein that the decision is final. This second action is brought on a different claim, and two of the parties are different. See *Cromwell v. County of Sac*, 94 U. S. 351; *Howlett v. Tarte*, 10 C. B. (N. S.), 813; *Foye v. Patch*, 132 Mass. 111. As to the effect of the general verdict in the original action, see 2 Smith's L. C. (8th ed.), 768; *Buslen v. Shannon*, 99 Mass. 200; *Lea v. Lea*, id. 493; *Hawks v. Truesdell*, id. 557. 3. "The rule that one entire cause of action cannot be divided meets with an exception when the amount due by the plaintiff under an issue joined on the plea of setoff proves to be greater than the demand in suit." 2 Smith's L. C. (8th ed.), 734; Id. (7th ed.), 780; Bigelow on Estoppel, 71–118; Babington on Setoff, 4; Barbour on Setoff, 21; *Hannell v. Fairlamb*, 3 Esp. 104; *Nelson v. Couch*, 15 C. B. (N. S.), 99; 109 Eng. C. L. 99–108; *Mondel v. Steel*, 8 Mees. & W. 858. If, under the circumstances, the alleged claim of *Ketchum* was equitably severed, then of course there is here no question of *res judicata*.

For the respondent the cause was submitted on the brief of *Gabe Bouck*.

TAYLOR, J. In determining the sufficiency of the supplemental reply in this case, we must determine it upon the theory that the counterclaim in each of said actions was a valid counterclaim in said actions, and that the plaintiff cannot, and, as we understand it, does not, object that the alleged demand due from the plaintiff to the principal debtor, *Ketchum*, was not the subject of a counterclaim in the action against said *Ketchum* and the indorsers of his notes. We shall not, therefore, discuss the question presented by the learned counsel for the appellants in his brief, whether, in an action under the statute against the maker and indorsers of a promissory note, the maker being the principal debtor, a counterclaim in favor of such maker may

not be pleaded in said action on behalf of all the defendants. No question as to the sufficiency of the counterclaim as a defense to the plaintiff's action in favor of all the defendants is made by the learned counsel for the plaintiff. The only question is whether, admitting that the counterclaim set up in each case was a valid counterclaim in favor of all the defendants in such action, the verdict and judgment against the defendants *Ketchum* and Hoxie, in the action which has been tried upon the counterclaim set up in that action, is a defense to the counterclaim set up by the defendants in this action.

The counterclaim in both cases is set up in favor of the defendant *Ketchum*, and the case which was tried recognized the right of *Ketchum* to have his claim against the plaintiff adjudged in that action; and, had it been adjudged in his favor under the pleadings in that action, there can be no doubt that the court would have allowed his co-defendants the benefit of such adjudication as a defense to the plaintiff's claim against him on the note. It seems to us very clear that an adjudication upon the merits in the former action against the claim of *Ketchum* must be a bar to his availing himself of such counterclaim in this action, and the fact that the two other defendants are united with him in this action, and were not defendants in the other action, can make no difference as to the estoppel created by the verdict and judgment in the former action.

The defendants *Logan* and *Spaulding* make no pretense of having any personal claim against the plaintiff. Their only claim is that, as *Ketchum* is the principal debtor on the note, they have the right to avail themselves of any payment made by their principal upon such note; and, if the counterclaim of *Ketchum* is established on the trial, then they would avail themselves of such established claim to satisfy the plaintiff's demand against them. But, this claim of *Ketchum* having been tried and determined against him in

the former action, they have no more right to have the question opened and tried again than the defendant *Ketchum* has. They claim their right through him; and, as the claim is barred as to him, it must be barred as to those who claim through and under him. If he has no longer any claim against the plaintiff, it would seem absurd to hold that his codefendants have any claim.

The defendants *Logan* and *Spaulding* are in no better condition to retry the issue upon the counterclaim than they would have been had *Ketchum's* right to this counterclaim been determined against him in a direct action by *Ketchum* against the bank to recover the claimed indebtedness to him from the bank. In fact, the counterclaim in the former case was in substance an action by *Ketchum* against the bank,. in which he was defeated. We are clearly of the opinion that, under the facts stated in the supplemental reply, the claim is *res adjudicata* against all the defendants. If the defendants *Logan* and *Spaulding* have any right, either in law or equity, to set off a debt due from the plaintiff to their codefendant, *Ketchum*, against the claim of the plaintiff upon their indorsement, it is evident such right is derived from or through *Ketchum;* and consequently, if the validity of such claim has been adjudicated against *Ketchum* in the former action, it is also *res adjudicata* against *Logan* and *Spaulding.* *Strong v. Hooe,* 41 Wis. 659; *McCalla's Adm'r v. Patterson,* 18 B. Mon. 201; *Hobbs v. Middleton,* 1 J. J. Marsh. 179; 1 Herman on Res Adj. sec. 137, and cases cited in note. See, also, secs. 158, 159, 163.

That the claim of *Ketchum* in both cases may or may not be divisible can make no difference in determining the sufficiency of the supplemental reply. The reply alleges that his whole claim was adjudicated in the former suit against him. If his claim was in fact divisible, and in the former action he only presented a part of his claim to the court for adjudication, that fact might avoid the effect of the supple-

mental reply, but cannot avail the defendants on the demurrer to the reply, which admits the truth of all the material allegations thereof.

It is said by the learned counsel for the appellant that, although the cause of action set up in the counterclaim is wholly a cause of action by *Ketchum* against the plaintiff, yet the sureties of *Ketchum* have the right, at least with the assent of *Ketchum*, to have such cause of action applied for their protection to extinguish the plaintiff's debt against them, who are mere sureties for *Ketchum*. This statement of the case is not controverted by the counsel for the respondent; but he meets this claim by a statement of facts which, if true, show that the claim set out in the counterclaim has no existence in fact or in the law. Because the claim set up in the counterclaim is solely the claim of *Ketchum* against the plaintiff, and because such claim has been litigated between *Ketchum* and the plaintiff in the former action, and in that action it was found that *Ketchum* had no such claim against the plaintiff, it would seem pretty clear that *Ketchum* cannot revive his claim in this action for the benefit of his codefendants. These defendants have no more right to litigate this claim again in this action than they would have had had the claim been adjudicated in favor of *Ketchum* in the former action, and the amount recovered applied in the satisfaction of the plaintiff's claim in such former action. The absurdity of a relitigation of the claim in such case would seem to be a sufficient reason for denying the right to relitigate again in this action, after it was determined against *Ketchum* in the former action.

*By the Court.*— The order of the circuit court overruling the demurrer is affirmed, and the cause is remanded for further proceedings according to law.