HERBERT HEADINGTON, for the use and benefit of School
Fund, Appellee, v. W. R. SMITH, ARAMINTA SMITH
AND JACOB SCHAUB, Appellants.

**Mulct Law:** DOES NOT COVER PENALTIES. Acts Twenty-fifth General
Assembly, chapter 62, provides that no sales of intoxicating
liquors shall be made to minors, but provides no penalty there-
for; and section 17 requires a bond conditioned on a faithful
observance of all the provisions of the chapter. Code, section
2403, declares that one selling liquor to minors shall pay the
sum of $100 to be collected by action against him. Section 2422
provides that, when one is required to give bond, principals
and sureties are jointly liable for all "civil damages." *Held,*
that an action to recover the penalty of $100 would not lie
against the sureties of a bond given under Acts Twenty-fifth
General Assembly, chapter 62; the $100 being a penalty and not
civil damages.

RECOVERY: *Bad faith of informer no defense.* In an action to
recover a penalty for selling liquors for minors, brought under
Code, section 2403, permitting such action to be brought by
any citizen of the county,—one-half to go to the informer and
one-half to the school fund,—a demurrer was properly sus-
tained to an answer which alleged that the action was not in
good faith but was for the purpose of blackmail.

Counterclaim Against Individual: *In suit brought in representative
capacity.* In an action for a penalty for the violation of the
liquor law, brought by plaintiff for the benefit of the school
fund under Code, section 2403, permitting such action to be
brought by any citizen of a county, and providing that one-
half of the amount so collected shall go to the informer and
one-half to the school fund, the defendant can not set off a
claim for damages for an unlawful assault by plaintiff; the
claim being against him as an individual, and the action being
in a representative capacity.

*Appeal from Winnesheik District Court.*—HON. L. E. FEL-
LOWS, Judge.

THURSDAY, JANUARY 24, 1901.

DEFENDANT W. R. Smith conducted a place for the sale of intoxicating liquors under the mulct law. He gave the bond required by law, with his co-defendants as sureties thereon. This action was brought to recover the penalty provided by statute for the sale of liquor to minors. Defendants Jacob Schaub and Araminta Smith, sureties, filed a demurrer to the petition, based on the ground that they were not liable for the penalties provided by statute for sales to minors. Their demurrers were overruled, and exceptions taken. Defendant W. R. Smith then pleaded certain defensive matters and a counterclaim, to which plaintiff demurred, and his demurrer was sustained and exception taken. The case was then tried to a jury, resulting in a verdict and judgment for plaintiff, and defendants appeal. —*Affirmed* as to defendant W. R. Smith. *Reversed* as to defendants Araminta Smith and Jacob Schaub.

*Dan Shea* and *George Adams* for appellants.

*E. W. Cutting* for appellee.

DEEMER, J.—The bond filed by defendants was in the usual form, conditioned that W. R. Smith should faithfully observe and comply with all the provisions of the law stipulated and set forth in the act under which it was given, and pay all damages that might result from the sale of intoxicating liquors upon the premises occupied by him. The petiton alleged that he violated the provisions of the act referred to, by selling intoxicating liquors to minors, and judgment was asked for the benefit of the school fund, in the sum of $100 for each and every such sale. The demurrer filed by the sureties was based on the ground that the bond did not cover such illegal sales, and that the penalties provided by the law for such sales were not such as were covered by the bond. The bond was given under the provisions of section 17, chapter 62, Acts Twenty-

fifth General Assembly, requiring the making and filing of such an instrument, conditioned upon the faithful observance of all the provisions of the chapter, and for the payment of all damages that might result from the sale of intoxicating liquors upon the premises used by the obligor. One of the provisions of the chapter was that no sales should be made to minors. Plaintiff based his right of action on sections 2403 and 2422 of the Code, which are similar to the statutes in force when the acts complained of were committed. Section 2403 prohibits the sale of intoxicating liquor to minors for any purpose, and provides that "*   *   *   * any person violating the provisions of the section, shall forfeit and pay the sum of one hundred dollars, to be collected by action against him, or if a permit holder against him and the sureties on his bond. Such action may be brought by any citizen of the county. One half of the amount so collected, shall go to the informer, and one half to the school fund of the county." The material part of section 2422 reads as follows: "And when any one is required under the provisions of this chapter to give bond, the principals and sureties shall be jointly and severally responsible and liable for all civil damages and costs which may be adjudged against the principal, for any violation of any of the provisions of this chapter." Without quoting statutes, it is sufficient to say that a permit holder is one holding a permit to sell liquor for certain specified purposes; issued by the district court of the county under the provisions of sections 2385 and 2401, inclusive. Such a permit holder is not the person referred to in the acts of the general assembly hitherto mentioned. It must be also remembered that we have a civil damage act in this state. See Code, section 2418. Manifestly, the action is to recover the penalty provided by section 2403 of the Code; and the pivotal point in the case is, are the sureties on defendant's bond liable for this penalty? That they would be liable had the action been brought under the civil

damage act, must be conceded. But section 2403 says the action must be brought against the defendant unless he be a permit holder. If a permit holder, then action may be brought against him and the sureties on his bond. This statute seems to provide the only penalty for sales to minors, and, as it provides the remedies and means of enforcemnt, all others are excluded. That is to say, the action is against the defendant alone, unless he be a permit holder; if a permit holder, then the action may be on his bond and against his sureties. The force of this position is conceded by appellee's counsel, but he contends that the action will lie under section 2422, before quoted. That statute says that principal and sureties are liable for all *civil* damages adjudged against the principal for any violation of the provisions of the chapter. If, then, the amount sought to be recovered in this action is civil damages, there seems to be express authority for appellee's contention. But we do not think it is. Section 2403, prohibiting the sales to minors, does not fix the arbitrary sum of $100 as damages, for it does not go to the party injured. The amount named is simply a penalty for the violation of the act, and mav be recovered, notwithstanding there was no damage other than the state sustains, where liquor is sold to a minor inhabitant. The amount, when recovered, does not go to compensate the party injured. It is not, therefore, civil damages. That term has a fixed and definite meaning, and clearly has reference to the damages which may be collected by wife, child, parent, guardian, or employer, injured in person, property, or means of support, under the provisions of section 2418 of the Code. The term has a very well defined meaning when used in intoxicating liquor statutes. Black Intoxicating Liquors, section 277; Anderson's Law Dictionary, 305. The amount that plaintiff seeks to recover is not civil damages, but a penalty; and there is no provision of law making the surities on a bond given under the so-called "mulct law" liable. True, the statute under which the bond was given

prohibits sales to minors; but, as no penalty is provided,. reference must be made to the other sections of the Code, for the sanction. Had plaintiff recovered judgment for damages done him or his property or means of support, doubtless the sureties on defendant's bond would be liable for the amount thereof. But as this action is to recover a penalty, and there is no statute making the sureties liable therefor, their demurrer should have been sustained. *State v. Douglass,* 73 Iowa, 279, lends support to our conclusions.

II. Defendant W. R. Smith pleaded in answer that the action was not brought in good faith; that it was brought for the purpose of blackmail, and to induce him (defendant) to advance plaintiff some money. Plaintiff's demurrer to this part of the answer was properly sustained. *McQuade v. Collins,* 93 Iowa. 22.

III. In another division of the answer defendant pleaded a counterclaim based on an unlawful and malicious assault made upon him by plaintiff prior to the commencement of this action. Plaintiff brought the action in a representative capacity, and the counterclaim is against him as an individual. It needs no argument to demonstrate that such a counterclaim is not proper pleading. *Gourly v. Walker,* 69 Iowa, 80. The judgment as to defendant W. R. Smith is affirmed, but as to Araminta Smith and Jacob Schaub it is REVERSED.