## O. GORMAN v. GEORGE WILLIAMS, Appellant.

**Mulct Law Bond:** PROMISE OF PRINCIPAL TO REPAY SURETY: *Want of consideration.* The oral promise of the principal in a liquor bond executed under the mulct law, when in fact a bond was not required because the principal was not a liquor dealer under that law, to repay the surety the amount of a judgment rendered against him for the amount of the judgment recovered against the principal under Code, section 2403, imposing a penalty for selling liquors to minors and intoxicated persons, is not enforceable, for the giving of the bond did not create a liability thereon.

*Same.* A bond executed under the mulct law, when in fact the bond was not required, for that the principal was not engaged in the liquor business under that law, is not rendered valid by a subsequent law making the mulct law applicable to the principal in the bond.

*Same.* The oral promise of the principal in a liquor bond, executed under the mulct law, to repay the surety the amount of a judgment rendered against the surety for the amount of a judgment recovered against the principal, under Code, section 2403,

imposing a penalty for selling liquor to minors and intoxicated persons, is not enforceable, the surety not being liable for the penalty assessed against the principal.

*Same.* The entry of judgment against the surety in a bond under the mulct law does not render the principal liable on his oral promise to repay the surety the amount of the judgment, the principal not being called upon to defend the case in which the judgment was rendered, and having the right, when sued on his oral promise, to show that no liability existed against the surety.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

WEDNESDAY, OCTOBER 15, 1902.

ACTION at law on an oral contract of indemnity. Trial to a jury and verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Rickel, Crocker & Tourtellot* for appellant.

*Preston & Moffit* and *W. H. Storrs* for appellee.

SHERWIN, J.—One Sullivan was engaged in the sale of intoxicating liquor in the city of Cedar Rapids, as he supposed, under the provisions of the mulct law. He executed a bond as required by said law, which the plaintiff herein signed as surety. Afterwards an action was brought against Sullivan to recover the penalty provided for in section 2403 of the Code, and a judgment was obtained against him under said section. Still later the plaintiff was sued as a surety on Sullivan's bond for the amount of the judgment rendered against Sullivan. Judgment was rendered against the plaintiff as such surety, and this action was brought against the defendant to recover upon his oral promise to repay the plaintiff any sum which he might be obliged to pay as Sullivan's surety. At the time Sullivan gave his bond, and at the time the agreement was made by

these parties, the mulct law was not in force in Cedar Rapids, because it was a specially chartered city. *Clark v. Riddle*, 101 Iowa, 270. It was not, therefore, a bond provided for by the statute regulating sales under the mulct law, and was void, and of no force or effect, so far, at least, as public penalties were concerned. Sullivan was liable under section 2403 of the Code, whether he was acting under the provisions of the mulct law or selling without any pretense of legality; but the act of giving a bond when none could be required by the statute would not create a liability thereon for a penalty imposed by statute for a violation of the law. The subsequent enactment of a law applying the mulct act to cities acting under special charters would not give the bond vitality. *Dively v. City of Cedar Falls*, 21 Iowa, 565. If the bond was void from its inception, there certainly can be no liability on account of the defendant's promise to indemnify the plaintiff from liability thereon. But if the mulct law had been in force in Cedar Rapids at the time, and if the bond had been a valid one, the plaintiff was not liable thereon as surety for the penalties assessed against Sullivan. *Headington v. Smith*, 113 Iowa, 107. True, a judgment was rendered against the plaintiff in the district court, from which he appealed; but he negligently failed to prosecute his case before this court, and cannot now maintain the position that the defendant should suffer on account thereof. The defendant was not called upon to defend in that case, and he surely has the right, when called upon under his contract, to show that no liability existed against the plaintiff. *McConnell v. Poor*, 113 Iowa, 133; and if there was no cause of action against his principal, the defendant is clearly not liable. Our conclusion on these points disposes of the case, and renders unnecessary a review of the instructions and rulings on evidence.

The judgment is REVERSED.