JOSEPH H. BEH v. H. RAMSAY BAY, and J. O. RAMSAY, Appellants.

Bills and notes: DEFENSE BY SURETY: ADJUDICATION. An adjudication in an action between the holder of a note and the principal maker alone that the same was not paid, is binding in a subse-

quent action between the holder and the surety on such note, where the defense of payment by the surety is the same as that of the principal in the former action.

*Appeal from Shelby District Court.*—HON. O. D. WHEELER, Judge.

SATURDAY, APRIL 8, 1905.

SUIT at law on a promissory note. Judgment for the plaintiff on the pleadings. The defendant J. O. Ramsay appeals.—*Affirmed.*

*Cullison & Robinson,* for appellant.

*Byers, Lockwood & Byers,* for appellee.

SHERWIN, C. J.—H. Ramsay Bay, as principal, and J. O. Ramsay, the appellant, as surety, executed and delivered to the plaintiff the note in suit. After it became due, and before this suit was brought, H. Ramsay Bay sued the plaintiff herein for the possession of the note; alleging that he had paid the same in full. Issue was duly joined and tried to a jury, which found that the note had not been paid, and there was a judgment against Bay for costs. In his answer to this suit, the appellant, J. O. Ramsay, admitted the execution of the note; alleged his relation thereto, and that it had been paid by his principal. The plaintiff then pleaded the judgment in the former action as an adjudication of the question of payment. There was a demurrer to this plea, which was overruled, and, the appellant electing to stand on his demurrer, judgment was rendered against him.

It was admitted that the payment pleaded by the appellant, Ramsay, was the same payment relied on by H. Ramsay in his suit for the possession of the note. The only question for determination, then, is whether the former adjudication that the principal had not paid the note is con-

clusive on the surety. A judgment of a court of competent jurisdiction is conclusive between the parties to the action, either as a plea in bar or as evidence in estoppel, not only as to every question actually in issue and decided, but every question within the issues which might have been presented and decided. And it is further true that a judgment is as effective on privies as on parties. The appellant was not a party to the action between his codefendant and the plaintiff here, and, if the judgment in that case is a bar in this, it must be because of his privity with Bay. It is the general rule that the relation of surety and principal does not create privity, in the sense in which the law of estoppel is applied. Bigelow on Estoppel (4th Ed.) 138, and cases cited; *Mc-Connell v. Poor,* 113 Iowa, 133; *Gorman v. Williams,* 117 Iowa, 560; *McDonald & Co. v. Gregory,* 41 Iowa, 513. Privity relates to persons in their relation to property, and means only a mutual succession or relation to the same right of property. *McDonald & Co. v. Gregory, supra.* See, also, 24 Am. & Eng. Enc. of Law, 746, and cases cited. In the former litigation, however, but one question was determined, and that was whether the note had been paid by Bay. Had it been determined that it was so paid, he would have been entitled to the possession thereof, and the appellant would have been released from liability as surety, because nothing was due from his principal. The judgment determined a property right, because the action related to a valuable right and interest. The appellant did not claim that he had paid the note, but based his plea of payment on the identical transaction presented in the former suit. Hence the right upon which he relied depended upon the right of Bay, and involved the same property right litigated therein. Furthermore it appears that he was a witness for Bay, and such fact alone has been held an estoppel by courts of great ability.

Ordinarily a surety may avail himself of any defense or set-off which is available to the principal, and the right to do so, with the consent of the principal, is expressly given

by section 3572 of the Code; and it is undoubtedly true that an adjudication of the principal's right to a set-off or counterclaim would be conclusive on the surety afterwards seeking the benefit thereof, and we see no valid reason why the same rule should not be applied in this case.   The precise question was determined by the Supreme Court of Wisconsin, in *Bank of London v. Ketchum,* 66 Wis. 428 (29 N. W. 216), and the same conclusion was reached.   See, also, *Knoxville Nat. Bank v. Hanirick, Assignee,* 67 Iowa, 583. The cases of *McConnell v. Poor,* 113 Iowa, 133, and *Gorman v. Williams,* 117 Iowa, 560, are distinguishable from this because of the difference in the facts.

We think the demurrer was properly sustained, and the judgment is *affirmed.*